15-1538-cv (L); 15-1695(con)
Securities and Exchange Commission v. StratoComm Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

SECURITIES AND EXCHANGE COMMISSION,

                  *Plaintiff-Appellee*,

          v.                                              15-1538-cv(L);
                                                          15-1695-cv(con)

STRATOCOMM CORPORATION, ROGER D. SHEARER[1],

                  *Defendants-Appellants*.

_____

Appearing for Appellant      Giovanna D'Orazio, D'Orazio Peterson, LLP, Saratoga Springs,
StratoComm Corporation:      NY.

Appearing for Appellant
Roger D. Shearer:            Roger D. Shearer, pro se, Latham, NY.

Appearing for Appellee:      Nicholas J. Bronni, Senior Counsel, Securities and Exchange
                             Commission (Anne K. Small, General Counsel, Sanket J. Bulsara,

---

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

Deputy General Counsel, Michael A. Conley, Solicitor, Randall W. Quinn, Assistant General Counsel, *on the brief*),Washington, DC.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

StratoComm Corporation and Roger Shearer (together, "StratoComm") appeal from the (1) February 19, 2014 decision and order of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting the Securities and Exchange Commission's motion for summary judgment finding them liable for violations of Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933 by knowingly making false and materially misleading statements; and the (2) March 9, 2015 decision and order of that same court ordering StratoComm to disgorge $4,086,245.00 and pay $882,464.68 in prejudgment interest; pay a $100,000 penalty and granting the SEC's motion for a permanent injunction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's grant of the SEC's motion for summary judgment de novo. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "To have violated Section 10(b) and Rule 10b–5, [defendant] must have: (1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities." *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999). StratoComm argues that it presented sufficient evidence to raise genuine disputes as to material facts regarding whether (1) StratoComm made false and misleading statements and omissions; (2) the statements and omissions were material; and (3) they were made with scienter. We disagree.

First, untrue assertions, ambiguous statements, and half-truths can render a statement misleading. *See SEC v. N. Am. Research & Dev. Corp.*, 424 F.2d 63, 75-77 (2d Cir. 1970); *see also SEC v. Enters. Sols., Inc.*, 142 F. Supp. 2d 561, 577 (S.D.N.Y. 2001) (statements portraying "fully developed company with an actual source of revenue" misleading when "company had no revenue and its limited operations [are] funded solely by sales of stock and loans from investors"). Here, the district court properly concluded that the statements, taken together, created a misleading and false impression. The November 2007 and January 2008 press releases both touted "contracts" for the "sale" of "Transitional Telecommunications System" ("TTS") units, leaving the clear impression that (1) there was a product that was available to be sold; and (2) money would be coming in to StratoComm from the sale of the product to a buyer. StratoComm argues that the district court could not find as a matter of law that it had no product to sell because it possessed the proprietary communications payload, and could buy the remaining parts. Even if the proprietary communications payload was ready to go, StratoComm failed to raise a genuine question of material fact because it is undisputed that (1) StratoComm never actually built a TTS; (2) StratoComm never tested an operational prototype of a TTS; (3)

2

StratoComm never had funds or parts to construct a TTS; (4) StratoComm never had the funds to acquire an aerostat, and thus never possessed an aerostat; (5) StratoComm never received a deposit on a TTS, never exchanged a TTS for money, and never acquired customers who transmitted payment for products or services; and (6) as of the dates of the November 2007 and January 2008 releases, StratoComm had never built or tested an operational TTS. The undisputed facts demonstrate that notwithstanding  StratoComm's billing of itself as a "provider" of telecommunications systems, it was in no position to begin selling anything: it had never put together or tested a complete system.

The district court also correctly concluded that the statements were material as a matter of law. "A fact is to be considered material if there is a substantial likelihood that a reasonable person would consider it important in deciding whether to buy or sell shares." *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 518 (2d Cir. 1994). "Only if the established omissions are so obviously important to an investor, that reasonable minds cannot differ on the question of materiality is the ultimate issue of materiality appropriately resolved as a matter of law by summary judgment." *TSC Indus. v. Northway, Inc.*, 426 U.S. 438, 450 (1976) (internal quotation marks omitted). Here, there is no question that an investor would care whether a product is one that exists in the world.  A product that is already successfully in use somewhere has a track record, regardless of how short, while a product that has never been fully assembled lacks such a track record. *Enters. Sols.*, 142 F. Supp. 2d at 577 ( "whether the company actually had products to sell is clearly relevant information to a potential investor.").

Finally, we agree with the district court that there was no genuine dispute as to scienter on the record before it. "Scienter, as used in connection with the securities fraud statutes, means intent to deceive, manipulate, or defraud." *SEC v. First Jersey Sec.*, 101 F.3d 1450, 1467 (2d Cir. 1996). Scienter also "may be established through a showing of reckless disregard for the truth, that is, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care." *SEC v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998) (internal quotation marks and citations omitted). The record demonstrates that StratoComm and Shearer knew the statements at issue to be false when made.

We have considered the remainder of StratoComm's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3